ELLIOTT et al. v. HARRIS et al.

(Circuit Court, N. D. Ohio, E. D.    December 3, 1898.)

No. 5,810.

PATENTS—PRELIMINARY INJUNCTION.

When the patents sued on have never been adjudicated, a preliminary injunction will be denied, in the absence of a showing that the public has long used the inventions, and has acquiesced in the validity thereof.

This was a suit in equity by William E. Elliott and the Elliott Button-Fastener Company against Abraham M. Harris and Nicholas Flemming for alleged infringement of three patents. The cause was heard on motion for a preliminary injunction.

Taggart, Knappen & Denison, for complainants.
Albert M. Austin, for respondent A. M. Harris.

RICKS, District Judge.  Counsel for the defendants very properly quote from Robinson (Pat. § 1173) the three things essential to maintaining a preliminary injunction in a patent case:  (1) that the patent is valid;  (2) that plaintiff is the owner of a legal or equitable interest therein; and (3) that the defendant is about to commit an act of infringement.  The complainants sue upon three patents, neither one of which has ever been adjudicated.  In order to entitle them to an injunction, they must therefore show that the public has long used said patents, and has acquiesced in the validity thereof, and has never undertaken by litigation to question the patentee's exclusive rights thereto, or the validity of said patents.  They allege certain acts of the defendants, which, in a proper case, might be held to be contributory infringement, but which are not shown to be such by the facts in this case.  The case, as made out and submitted, is deficient, and fails to establish any one of the grounds named which would entitle the complainants to a preliminary injunction.  Such an injunction is not issued, unless the rights of the complainant thereto are clearly established.  They are certainly not so established in this case.  The motion for preliminary injunction is therefore disallowed.